In the Matter of RICHARD M. BIAGGI (Admitted as RICHARD MARIO BIAGGI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 6, 1989

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman, Acting Chief Counsel,* attorney), for petitioner.

*Dominic F. Amorosa* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Richard M. Biaggi was admitted to the practice

of law in New York by this court on March 1, 1982, and has at all relevant times maintained an office for the practice of law in the First Judicial Department. Petitioner Departmental Disciplinary Committee moves to strike his name from the roll of attorneys upon the basis of a judgment of the United States District Court for the Southern District of New York, rendered upon a jury verdict, convicting him of the Federal felony of aiding and abetting a public official to commit the crime of bribe receiving in violation of 18 USC §§ 2 and 201 (c). (18 USC § 201 was restructured without substantive changes as here pertinent subsequent to the initiation of respondent's criminal prosecution. All references herein are to the statute as it existed at the time of respondent's indictment.) Respondent concedes that such crime would constitute a felony under New York Penal Law § 20.00 and § 200.10 *(see, Matter of [Mario] Biaggi,* 141 AD2d 1, 3 [commenting that 18 USC § 201 (c) has a "direct analogue" in Penal Law § 200.10 defining the class D felony of bribe receiving in the third degree]), and offers no opposition to the motion other than to request that it be held in abeyance pending his appeal from the conviction.

Under Judiciary Law § 90 (4) (a), an attorney automatically ceases to be such immediately upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). A subsequent proceeding pursuant to Judiciary Law § 90 (4) (b) to strike his name from the roll of attorneys is a mere formality that serves only to record the fact of a disbarment that has already occurred *(Matter of Barash,* 20 NY2d 154, 157). This fact is not altered by the taking of an appeal *(Matter of Mitchell,* 40 NY2d 153). Put otherwise, the relief respondent requests is beyond the power of the court to grant. In the event respondent is successful on appeal, he may apply for an order vacating or modifying his disbarment, relief that the court is specifically empowered to grant under Judiciary Law § 90 (5).

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

KUPFERMAN, J. P., KASSAL, ROSENBERGER, WALLACH and SMITH, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith.