In the Matter of RONALD J. KUBA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 11, 1990

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard A. Greenberg* of counsel *(Newman & Schwartz,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Ronald J. Kuba, Esq. (respondent) was admitted to practice,

as an attorney and counselor-at-law in the courts of the State of New York, by the Appellate Division, Second Judicial Department, on October 17, 1962, and at all relevant times pertinent to this proceeding he has maintained an office for the practice of law in this Department.

On or about July 24, 1989, in the United States District Court for the Southern District of New York, respondent pleaded guilty to the crime of filing a false tax return (26 USC § 7201), which is a felony under the laws of the United States. Thereafter, he was sentenced to six months' supervised probation, 600 hours of community service, to be monitored by the Probation Department, and to pay the cost of his prosecution.

Respondent's conviction resulted from his filing a false income tax return for the calendar year 1982, which indicated his taxable income for that year was approximately $24,165.84, and that the amount of tax due and owing thereon was $6,363.18. In fact, respondent's true 1982 taxable income was approximately $126,068, upon which there was due and owing an income tax of approximately $53,512.40.

Following respondent's conviction and sentence in September 1989, the Departmental Disciplinary Committee (petitioner) filed a petition, seeking an order from this court, finding that the crime of which respondent was convicted is a "serious crime", pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), suspending respondent from the practice of law, pursuant to Judiciary Law § 90 (4) (f) and directing respondent to show cause, pursuant to Judiciary Law § 90 (4) (g) as to whether a final order of censure, suspension or removal from office should not be entered.

In response, respondent submitted an answer to the petition, and he cross-moved, pursuant to Judiciary Law § 90 (4) (h) and 22 NYCRR 603.12 (a), for a hearing. Respondent, in his answer, admitted that the crime of which he was convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and he did not object to his immediate suspension, pursuant to Judiciary Law § 90 (4) (f).

By our order (M-5280, M-5768) entered January 4, 1990, we granted the petitioner's motion (M-5280), and found that respondent had committed a "serious crime" (Judiciary Law § 90 [4] [d]), suspended respondent from the practice of law, pending a final order of this court (Judiciary Law § 90 [4] [f]), and directed respondent to show cause as to whether a final order of suspension, censure, or removal from office should not

be entered (Judiciary Law § 90 [4] [g]). Further, we granted the respondent's cross motion (M-5768) and referred the matter to the petitioner for a hearing.

At that hearing, respondent presented 3 witnesses, including 2 members of the Bar of this State, and all 3 testified as to the respondent's good character and his fitness to practice law. Further, respondent, who is married, the father of three children, and an immigration lawyer testified in his own behalf, and stated, in substance, that he is remorseful, and has fully cooperated with the Internal Revenue Service concerning the collection of the unpaid taxes, resulting from his crime.

Subsequent to hearing the witnesses, and examining the exhibits admitted into evidence, the Panel, in its written report (Report), dated May 11, 1990, found that the respondent had testified candidly before them. Also, the Panel stated, in pertinent part (see, Report, at 3):

"The materials supplied to us from the official judicial record of his [respondent] prosecution apply only to the year 1982 * * *.

"It is to [respondent's] credit that he candidly disclosed to us that there was also an unreported amount of some $15,000-$20,000 for the year 1981. [Respondent] stated further, without contradiction, that this unreported 1981 income has been disclosed to the Internal Revenue Service and that he has entered into a settlement with respect to 1981.

"[Respondent] also testified that he had paid some $100,000 to the IRS to cover the indictment year [1982]".

Finally, the Panel recommended (see, Report, at 2): "Balancing all the considerations, we unanimously conclude that the appropriate sanction is public censure and a suspension of six (6) months to run from the date of * * * [respondent's] intermediate suspension, January 4, 1990, after which we recommend automatic reinstatement upon his filing of proof of compliance with the suspension order".

By notice of motion dated June 5, 1990, respondent moves to confirm the Panel's report and recommendation. Petitioner does not oppose this application.

We have reviewed the transcript of the hearing, and find that same indicates, inter alia, respondent's concession of the facts surrounding his conviction, his cooperation with the Federal Government in the prosecution of the case, and his remorse.

In *Matter of Rotwein* (20 AD2d 428, 429 [1st Dept 1964]),

which was a disciplinary proceeding, involving a charge of Federal income tax evasion, we stated, in pertinent part: "The inescapable fact is that respondent perpetrated a deliberate fraud on the Government. It was planned, premeditated and without the pressure of immediate necessity. Such conduct cannot escape some sanction".

Based upon our analysis, *supra,* we agree with the Panel's recommendation as to the sanction to be imposed.

Accordingly, we grant respondent's motion to confirm the Panel's report and recommendation, suspend respondent for a period of six months to run from January 4, 1990, the date of our order of intermediate suspension of respondent. Further, on expiration of that suspension, we direct respondent's automatic reinstatement.

ROSS, J. P., ASCH, MILONAS, ROSENBERGER and ELLERIN, JJ., concur.

Respondent's motion is granted, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of six months, as indicated.