In the Matter of JOEL WINOGRAD, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 2, 1991

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Paul B. Bergman, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent moves to confirm the report of the Hearing Panel of the Departmental Disciplinary Committee which

recommends that he be suspended from the practice of law for a period of six months, retroactive to the date of his interim suspension on July 27, 1989, or until his period of probation has been completed or terminated by the Federal court, whichever is later.

The respondent was suspended after his conviction for the Federal felony of attempting to evade income taxes, that being a "serious crime" as defined in the Judiciary Law and the rules of this court. *(See, Matter of Winograd,* 148 AD2d 214.)

He has already made substantial restitution with respect to his unpaid taxes and continues to do so. He has fully cooperated with the Internal Revenue Service and the Hearing Panel of the DDC. He has, thus far, pursuant to his interim suspension, not practiced law for almost two years and, according to the Hearing Panel's report, he will have been suspended for approximately 4½ years when his term of probation expires on March 2, 1994.

The United States District Court has indicated that respondent's term of probation might be reduced in the event all back taxes, interest, and penalties have been paid. There is also the question of his tax obligations to the State of New York.

This matter is similar to the situation in *Matter of Kuba* (162 AD2d 30) and, accordingly, we confirm the report of the Hearing Panel and impose the recommended sanction of suspension from the practice of law for a period of six months, retroactive to July 27, 1989, and until fulfillment of the probation requirement as imposed or reduced by the Federal court. Any application for reinstatement to the practice of law *(see,* Rules of App Div, 1st Dept [22 NYCRR] § 603.14) is conditioned upon submission of proof of completion of the 300 hours of community service for each year of probation as required by the Federal court, and further, submission of proof that all of respondent's New York State and Federal income tax obligations, including interest and penalties, have been satisfied.

MURPHY, P. J., SULLIVAN, CARRO, KUPFERMAN and ROSS, JJ., concur.

Respondent is suspended from the practice of law for a period of six months, retroactive to July 27, 1989, and until fulfillment of the probation requirement as imposed or reduced by the Federal court, as indicated.