In the Matter of RICHARD M. BIAGGI (Admitted as RICHARD MARIO BIAGGI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 18, 1991

APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* of counsel *(Fink Weinberger, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Richard M. Biaggi was admitted to practice in New York by this court in 1982. Six years later he was automatically disbarred under Judiciary Law § 90 (4) (a) upon his conviction, in United States District Court for the Southern District of New York, on several Federal felony counts, one of which—aiding and abetting a public official in the receipt of a bribe (18 USC § 201 [c]; § 2)—has a felony analog under New York law (Penal Law §§ 200.10, 20.00).

On April 6, 1989 this court formalized the deletion of respondent's name from the roll of attorneys authorized to practice law in this State (146 AD2d 148). On June 29, 1990 the Federal bribery and mail fraud counts against respondent were dismissed on appeal, and the case was remanded for resentencing on two counts of filing a false tax return (26 USC § 7206) *(United States v Biaggi,* 909 F2d 662, *cert denied* — US —, 111 S Ct 1102). Respondent was resentenced on October 31, 1990, the District Court reimposing a $10,000 fine on each of the remanded counts, but reducing the prison sentence on these counts from 2 years to 60 days. Sentence was served at the Federal Correctional Facility at Allenwood, Pennsylvania, from February 1 through March 25, 1991.

Respondent now seeks vacatur of our previous disbarment order (Judiciary Law § 90 [5] [a]). He concedes that the tax perjury counts, which have no New York felony analog, are nevertheless "serious crimes" (§ 90 [4] [d]) warranting interim suspension from practice pending consideration of disciplinary proceedings. in this court (§ 90 [4] [f]; *Matter of Winograd,* 148 AD2d 214). Respondent asks that a hearing be held to reconsider the appropriate disciplinary sanction for such a serious crime (§ 90 [4] [h]), as well as to entertain a petition for reinstatement (§ 90 [5]) in light of the fact that he has now

been effectively barred from practice for 2½ years, since his conviction in November 1988. The Departmental Disciplinary Committee concedes that respondent's disbarment should be vacated in favor of suspension pending a "serious crime" hearing, but opposes the simultaneous use of that forum for consideration of an application for reinstatement.

Under the statute, the "serious crime" hearing (§ 90 [4] [h]) serves a function different from the reinstatement hearing (§ 90 [5]). The former may, for example, consider evidence in mitigation of the seriousness of the allegations (see, Matter of Levy, 37 NY2d 279), whereas the latter is primarily a forum for establishing compliance with the disciplinary order as well as present character and fitness to resume the practice of law (Matter of Persky, 92 AD2d 372; 22 NYCRR 603.14 [b]). While the Hearing Panel may wish to fashion an additional recommendation in its report for appropriate relief in light of the punishment respondent has already absorbed (see, Matter of Kuba, 162 AD2d 30), we decline to mandate such a dual assignment to the hearing panel.

Accordingly, respondent's motion is granted to the extent of vacating our order of disbarment, entered April 6, 1989, and the matter is remanded for hearing, report and recommendation on an appropriate sanction for the serious crime. Respondent will remain suspended from the practice of law pending our review and decision on that recommendation.

ROSENBERGER, J. P., WALLACH, KUPFERMAN, KASSAL and SMITH, JJ., concur.

Motion granted to the extent of vacating this court's order of disbarment, entered on April 6, 1989, and remanding the matter to the Departmental Disciplinary Committee for a hearing, report and recommendation only as to an appropriate sanction for the serious crimes of which respondent was convicted; and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective as of April 6, 1989, and until the further order of this court.