In the Matter of RICHARD M. BIAGGI (Admitted as RICHARD MARIO BIAGGI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 31, 1992

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* of counsel *(Ellis, Funk & Eidman, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Admitted to practice by this Department in 1982, respon-

dent was convicted six years later, in United States District Court for the Southern District of New York, on Federal felony charges of bribery, mail fraud and filing a false tax return. Because the first of these charges had a New York felony analog, respondent was automatically disbarred (146 AD2d 148). The bribery and mail fraud charges were subsequently dismissed *(United States v Biaggi,* 909 F2d 662, *cert denied* — US —, 111 S Ct 1102). Sentence of 60 days at a Federal correctional facility on the remaining count was completed in March 1991. On respondent's motion, we vacated the automatic disbarment based on the felony (Judiciary Law § 90 [5] [a]) and remanded under continuing suspension for a "serious crime" hearing (§ 90 [4] [h]), at which the Panel was free to consider additional relief in the form of an application for reinstatement (170 AD2d 139). That Panel has now recommended that the appropriate sanction be suspension limited to the period of time already served under our prior order.

Suspension for as much as a year has been an appropriate sanction for conviction for filing false Federal income tax returns under 26 USC § 7206 *(Matter of Wernick,* 128 AD2d 260), even where jail time was served *(Matter of Diamond,* 150 AD2d 115). We note the following circumstances in respondent's favor: the nonfelonious nature of the only surviving criminal charge, the fact that his conviction did not involve an underpayment of tax (but rather the false reporting of income properly attributable to another), respondent's contrition, his completion of the Federal sentence, his affidavit of compliance with our earlier suspension order, his recent passing of the Multistate Professional Responsibility Examination, and his excellent character references, as well as the fact that he has now already been suspended from practice for nearly three years. Petitioner Departmental Disciplinary Committee has no objection to respondent's immediate reinstatement under 22 NYCRR 603.14.

Accordingly, the Hearing Panel's recommendation is adopted and respondent is hereby reinstated to practice, effective immediately.

ROSENBERGER, J. P., WALLACH, KUPFERMAN, KASSAL and SMITH, JJ., concur.

Respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.