[632 NYS2d 92]

In the Matter of JOSEPH B. THOR (Admitted as JOSEPH BENJAMIN THOR), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 10, 1995

**APPEARANCES OF COUNSEL**

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Joseph B. Thor,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Joseph B. Thor was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1970 under the name Joseph Benjamin Thor. At no time has respondent maintained an office for the practice of law within the State of New York.

On February 21, 1994, respondent was convicted after trial in the United States District Court, District of New Jersey, of 12 Federal felonies, including Count Two of the indictment which charged respondent with violating 18 USC § 1951 (a), (b) (2) and (3) and with violating subdivision (b) (2) of that statute (extortion under color of official right; "the Hobbs Act"). On September 14, 1994, respondent was sentenced to 46 months' imprisonment followed by three years' supervised release for each count, to run concurrently. The court also imposed a fine of $60,000.

By petition dated May 10, 1995, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been automatically disbarred as a result of his conviction of a Federal felony that would constitute a felony if committed within the State of New York.

Respondent, who is presently incarcerated in Pennsylvania and who is representing himself in these proceedings, states that an appeal of the entire judgment of conviction has been filed in the United States Court of Appeals for the Third Circuit. Respondent requests that consideration of the Committee's petition to strike his name from the roll of attorneys therefore be postponed until such time as the United States Court of Appeals has decided his appeal.

New York Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

New York Judiciary Law § 90 (4) (e) provides: "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony

therein which if committed within this state, would constitute a felony in this state."

The Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 151) held that a Federal felony conviction for unlawfully affecting commerce by extortion, in violation of 18 USC § 1951 (a) and (b), is "essentially similar" to the New York felony of larceny by extortion in violation of Penal Law § 155.05 (2) and § 155.30 (6) and, thus, is a predicate for automatic disbarment.

By operation of law, upon an attorney's conviction for a felony offense, as defined by the Judiciary Law, he ceases to be an attorney (Judiciary Law § 90 [4] [a]). It is well settled that presentation of a certified copy of the judgment of conviction to this Court with the request that the attorney's name be stricken from the roll of attorneys is a formality and merely the recording of the fact of conviction *(Matter of Barash,* 20 NY2d 154). That respondent is appealing his Federal felony conviction therefore has no bearing on this proceeding. The Legislature clearly intended that an attorney be automatically disbarred from the moment a judgment of conviction for a felony offense is entered by the trial court *(see, Matter of Mitchell,* 40 NY2d 153, 156). In the event respondent is successful on appeal, Judiciary Law § 90 (5) specifically empowers this Court to vacate or modify the sanction of disbarment *(see, Matter of Biaggi,* 146 AD2d 148).

Accordingly, respondent's request that consideration of the Committee's petition be postponed until the appeal of his felony conviction has been determined is denied, and respondent's name is stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

ELLERIN, J. P., RUBIN, NARDELLI, WILLIAMS and TOM, JJ., concur.

Respondent's request that consideration of the Committee's petition be postponed until the appeal of his felony conviction has been determined denied, and the petition is granted to the extent it seeks to strike respondent's name from the roll of attorneys and counselors-at-law in the State of New York, and respondent's name is directed to be so stricken, effective October 10, 1995.