[644 NYS2d 218]

In the Matter of ROGER LEVIN (Admitted as ROGER MICHAEL LEVIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 18, 1996

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Carl H. Loewenson, Jr.,* of counsel *(Morrison & Foerster, L. L. P.,* attorneys), and *Frederick P. Hafetz* and *Susan R. Necheles* of counsel *(Goldman & Hafetz,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law at this Judicial Department in 1970, and has maintained an office for such practice within this Department at all relevant times since then. In June 1995 he pleaded guilty, in United States District Court for the Southern District of New York, to two counts of a misdemeanor information charging failure, knowingly and as part of a conspiracy, to report payments to parties in interest with certain employee benefit plans, in violation of 29 USC § 1023 (b) (3) (D) and 18 USC § 371, punishable by a fine of up to $5,000 and/or imprisonment of up to one year. Specifically, respondent was charged with making unreported payments to the officials of two union benefit plans. Respondent has cooperated with the Federal Government in its pursuit of others involved in this matter.

Petitioner seeks a "serious crime" determination (Judiciary Law § 90 [4] [d]), and concomitant suspension from practice, pursuant to section 90 (4) (f), pending our final order of disciplinary action. But the misdemeanors to which respondent pleaded are not "serious crimes" under our statutory definition, because they do not involve any of the elements enumerated in section 90 (4) (d). Respondent concedes, however, that he is subject to interim suspension for admitted acts or uncontested evidence of professional misconduct under our departmental disciplinary rules (22 NYCRR 603.4 [e] [1]). This regulatory scheme entitles respondent to a mitigation hearing within 60 days (22 NYCRR 603.4 [e] [2]).

Accordingly, respondent is suspended, and we direct that a hearing be scheduled within 60 days (22 NYCRR 603.4 [e]).

ROSENBERGER, J. P., WALLACH, KUPFERMAN, WILLIAMS and TOM, JJ., concur.

Petition granted only insofar as to suspend respondent, effective as of July 18, 1996, and until the further order of this Court, pursuant to 22 NYCRR 603.4 (e) (1), and to direct that within 60 days from the date of entry of this Court's order a hearing be scheduled for purposes of introducing mitigating evidence.