[650 NYS2d 653]

In the Matter of ANDREW C. LEVINE (Admitted as ANDREW CHARLES LEVINE), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 1996

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Admitted to practice at the Second Department in 1980 as

Andrew Charles Levine, respondent pleaded guilty in 1994, in United States District Court for the Eastern District of New York, to one count of assisting in the preparation of a false income tax return, and was sentenced to 18 months' probation, *inter alia*. Inasmuch as the offense constituted a "serious crime" (Judiciary Law § 90 [4] [d]), this Court suspended respondent from the practice of law on February 9, 1995, pending a mitigation hearing and final disciplinary action (208 AD2d 156).

A Hearing Panel has considered evidence in mitigation, including respondent's full acceptance of responsibility for his aberrant (albeit wrongful) conduct, and recommended suspension for one year, commencing February 9, 1995, followed by immediate reinstatement without further proceedings. However, it is our general policy that reinstatement under such circumstances not precede the termination of criminal probation (*Matter of Greenberg*, 212 AD2d 310). That sanction was scheduled to conclude on October 27, 1996.

Accordingly, respondent is suspended from the practice of law for a period of one year or for a period coextensive with the term of his Federal criminal probation, whichever is longer. Respondent should be reinstated upon submission of proof, to the Committee on Character and Fitness, of satisfactory completion of his period of probation, and upon the further order of this Court. (*See, Matter of Coughlin*, 218 AD2d 194, 196.)

SULLIVAN, J. P., ROSENBERGER, WALLACH, TOM and ANDRIAS, JJ., concur.

Motion granted insofar as to suspend respondent from the practice of law for a period of one year or for a period coextensive with the term of his Federal criminal probation, whichever is longer, and respondent should be reinstated upon submission of proof, to the Committee on Character and Fitness, of satisfactory completion of his probation period, and upon the further order of this Court.