[663 NYS2d 11]

In the Matter of PAUL L. HECHT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 1997

#### APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* of counsel *(Gentile & Benjamin,* attorneys), for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, Paul L. Hecht, was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on February 16, 1977. At all times relevant to this petition, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated December 8, 1995, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), immediately suspending respondent from the practice of law until further order of the Court based upon substantial admissions under oath that he has committed acts of professional misconduct and upon other uncontested evidence of respondent's professional misconduct.

Respondent was served with a statement of charges on December 4, 1996. The gravamen of the charges is that respondent neglected an estate matter for over six years.

A Hearing Panel convened and a stipulation was executed by both parties whereby respondent admitted all of the pending charges. Respondent requested an adjournment in order to present testimony in mitigation regarding his psychological problems. The Panel Chair determined that the Panel would be better able to evaluate respondent's psychological condition if the matter was adjourned for several months and respondent had the opportunity to obtain treatment for his depression. Accordingly, the Panel Chair granted the adjournment based upon respondent's representation that he was not practicing law and that he would consent to the instant motion for an interim suspension.

The Committee seeks to suspend respondent pending the resolution of disciplinary proceedings based upon the stipulation in which respondent admits that he neglected a client matter, improperly failed to withdraw from the matter, failed to return an unearned fee, and falsely stated to the Committee that he would complete the matter or return the unearned fee, in violation of Code of Professional Responsibility DR 6-101 (A) (3), DR 2-110 (B) (3), DR 2-110 (A) (3) and DR 1-102 (A) (4) (22 NYCRR 1200.30, 1200.15, 1200.3).

Respondent's counsel has submitted an affirmation consenting to the relief requested by petitioner. Counsel notes that under normal circumstances, the admissions made by respondent in connection with the matter pending before the Hearing Panel would not be grounds for an interim suspension pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii). Consent is given because "respondent believes that it is necessary for him to seek the appropriate treatment in order to again become a fully functioning attorney".

In light of the fact that respondent consents to the relief sought, the Committee's motion for an order pursuant to 22

NYCRR 603.4 (e) (1) (ii) and (iii), temporarily suspending respondent from the practice of law until such time as the disciplinary matters before the Committee have been concluded, and until the further order of this Court, is granted.

ROSENBERGER, J. P., WALLACH, MAZZARELLI, ANDRIAS and COLABELLA, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until such time as the disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.