[687 NYS2d 48]

In the Matter of PAUL L. HECHT, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 16, 1999

**APPEARANCES OF COUNSEL**

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Howard Benjamin* of counsel (*Gentile, Brotman & Benjamin,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on February 16, 1977. At all times relevant to this petition, respondent maintained an office for the practice of law within the First Judicial Department.

On December 4, 1996, the Departmental Disciplinary Committee charged respondent with violating Code of Professional Responsibility DR 1-102 (A) (4), DR 2-110 (A) (3) and (B) (3), and DR 6-101 (A) (3) (22 NYCRR 1200.3, 1200.15, 1200.30), the gravamen of which was that respondent neglected an estate matter for over six years. Hearings were held on June 3 and June 17, 1997, during which it became clear that respondent was incapable of practicing law by reason of his severe depression and he therefore requested an adjournment in order to present testimony in mitigation regarding his psychological problems. An adjournment was granted, based upon respondent's representation that he was not practicing law and that he would consent to an interim suspension. Thereafter, on October 2, 1997, based upon a stipulation by both parties wherein respondent admitted all of the pending charges, this Court, with respondent's consent, entered an order temporarily suspending respondent pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) pending the conclusion of the disciplinary proceedings against him (233 AD2d 83).

In August 1998, the parties entered into a post-hearing stipulation in which respondent again admitted to the charges. In addition, the stipulation set forth mitigating and aggravating factors as well as the parties' joint recommendation that respondent be suspended for a period of one year nunc pro tunc to October 2, 1997, the date of his interim suspension. Additionally, the Hearing Panel considered the testimony by telephone of respondent's therapist, who had treated respondent for depression since April 1997.

Based upon the foregoing, the Hearing Panel issued its report and recommendation, dated October 2, 1998, setting forth its findings of fact and conclusions of law with the recommendation that respondent be suspended for a period of one year, retroactive to October 2, 1997, and that he be automatically reinstated, as of October 2, 1998, without further proceedings.

The facts are not in dispute and establish that, after being retained to represent the daughter of a man who died intestate in 1989, respondent did no work on the matter and failed to answer a 1992 letter from his client. His client filed a complaint with the Committee, and, in his October 20, 1995 answer, respondent admitted that he had done no work on the matter, but claimed that he had been unable to work on the matter due to psychological problems. He also informed the Committee that he was now prepared to complete the matter. Despite these assurances, in the course of his deposition by the Committee on February 26, 1996, respondent admitted that he still had not contacted his client and had done no work on the matter. Respondent represented that he would either proceed with the matter or refund his $1,500 retainer. Although the client requested that he refund the retainer, respondent failed to complete the matter or to withdraw from employment and return the unearned fee.

The Panel sustained Charge One, finding that, by failing to pursue the estate matter, as well as by failing to communicate with his client regarding the status of her case, respondent neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3). Charge Two was sustained upon a finding that, although for a period of time respondent's mental condition rendered it unreasonably difficult to carry out the estate matter effectively, respondent failed to withdraw from employment in violation of DR 2-110 (B) (3). The Panel also sustained Charge Three and found that, by falsely promising to the Committee in his answer and in his deposition that he would complete the matter or refund the unearned fee, respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4). Finally, the Panel sustained the charge that, by failing to refund promptly to his client the unearned $1,500 retainer as demanded by his client, respondent violated DR 2-110 (A) (3).

In mitigation, the Panel took into account the stipulated fact that respondent was suffering from depression at all times relevant to this proceeding. Since April 1997, respondent has been receiving therapy for his depression and has also been taking antidepression medication. The Panel considered a letter by his therapist as well as her telephone testimony, wherein she asserted that respondent's depression had lifted and that it was her professional opinion that he was now able to resume the practice of law. Respondent stated that he intended to continue with his treatment and that he would take all neces-

sary steps to prevent his illness from interfering with his practice. The Panel also considered the fact that respondent has since made full restitution to his client, plus interest, and that she had no objection to respondent's resumption of the practice of law.

In aggravation, the Panel took into account respondent's "unhappy disciplinary history", reflecting that he had been admonished three times between 1992 and 1995, primarily for neglecting matters. The Panel also noted that respondent had received psychiatric treatment for depression from March 1993 to March 1994, but had discontinued that treatment.

In view of the fact that respondent had already been suspended for one year, the Panel recommended that he be automatically reinstated, but cautioned that this should be respondent's "last chance" and that this Court should make it clear that "further misconduct by respondent will result in punishment far more severe than that now recommended".

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.4 (d), confirming the report and recommendation of the Hearing Panel that respondent be suspended for one year retroactive to October 2, 1997. Respondent joins in the motion.

Accordingly, in view of the parties' stipulations and the Hearing Panel's findings of fact and conclusions of law, the Disciplinary Committee's petition should be granted; the Hearing Panel's report should be confirmed; and the recommended sanction imposed. Respondent is, therefore, suspended from the practice of law for a period of one year nunc pro tunc as of October 2, 1997, the date of his interim suspension.

In view of the fact that respondent has already been suspended more than one year and there is no allegation that he has failed to comply with the interim order of suspension or is incapable of practicing law, respondent should be reinstated to the practice of law, effective immediately, without further proceedings. It does not appear that any purpose would be served in unnecessarily prolonging the length of respondent's suspension by requiring him to formally apply for reinstatement. However, as suggested by the Hearing Panel, respondent should be cautioned that any future misconduct will result in more severe punishment.

ROSENBERGER, J. P., WALLACH, MAZZARELLI, ANDRIAS and SAXE, JJ., concur.

Petition granted, the report and recommendation of the Hearing Panel confirmed, and respondent reinstated as an at-

torney and counselor-at-law in the State of New York, effective nunc pro tunc to October 2, 1998, without further proceedings, as indicated.