[697 NYS2d 52]

In the Matter of ROGER LEVIN (Admitted as ROGER MICHAEL LEVIN), a Suspended Attorney, Petitioner. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Respondent.

First Department, October 28, 1999

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for respondent.

*Frederick P. Hafetz* and *Susan R. Necheles* of counsel (*Goldman & Hafetz,* attorneys); and *Carl H. Loewenson, Jr.,* and *Daniel W. Levy (Morrison & Foerster,* attorneys), for petitioner.

OPINION OF THE COURT

Per Curiam.

Admitted to practice at this Department in 1970, and having maintained an office within this Department at all times relevant to this proceeding, petitioner accepted an interim suspension from practice in 1996, pending a mitigation hearing on disciplinary charges against him. Petitioner had pleaded guilty, in United States District Court for the Southern District of New York, to two counts of a misdemeanor information charging failure, knowingly and as part of a conspiracy, to report payments to officials of two union benefit plans, in violation of 29 USC § 1023 (b) (3) (D) and 18 USC § 371. He was sentenced, in September 1998, to one year of probation, 250 hours of community service, and payment of $250,000 to one of the unions.

We determined, in June 1996, that the charges against petitioner did not amount to a "serious crime," requiring a statutory suspension from practice. Instead, we suspended him pursuant to 22 NYCRR 603.4 (e) (1) pending the mitigation hearing (see, 222 AD2d 72).

After the hearing, which took place in December 1998, the Referee recommended a suspension for three years, nunc pro tunc to July 18, 1996, but that in no event should petitioner be permitted to resume practice until completion of his one-year sentence of probation. It was further recommended that upon completion of the period of suspension, petitioner should be reinstated without further proceedings. The Hearing Panel adopted the suspension recommendation, but called for reinstatement only upon formal application, pursuant to 22 NYCRR 603.14 (a).

So much of the Hearing Panel's ruling as adopted the Referee's recommendation, to wit, a three-year suspension from practice nunc pro tunc to July 18, 1996, with reinstatement in no event to occur prior to satisfaction of the one-year Federal sentence of probation (see, Matter of Levine, 226 AD2d 39, 40), is confirmed. We note that petitioner's term of probation has been satisfied as of September 15, 1999, as certified by the probation office of the Federal sentencing court. Under these circumstances, a hearing to consider reinstatement is not necessary, petitioner having recently been subjected to a full evaluation of his character and fitness.

Accordingly, petitioner should be suspended from practice for three years, nunc pro tunc as of July 18, 1996, and until satisfaction of his one-year Federal sentence of probation.

Those terms having been satisfied, petitioner should be reinstated immediately, and his name restored to the roll of attorneys authorized to practice law in this State.

ROSENBERGER, J. P., WILLIAMS, TOM, WALLACH and LERNER, JJ., concur.

Petition granted and petitioner suspended from the practice of law for a period of three years, nunc pro tunc to July 18, 1996; the terms for reinstatement having been satisfied, petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof.