[757 NYS2d 22]

In the Matter of JONATHAN KEISER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 20, 2003

### APPEARANCES OF COUNSEL

*Stephen P. Goldrick* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Michael S. Ross* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jonathan Keiser was admitted to the practice of

law in the State of New York by the First Judicial Department on March 22, 1999.

The Departmental Disciplinary Committee (the Committee) moves for an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 [e] [1], confirming the findings of fact and conclusions of law of the Referee and the determination of the Hearing Panel, and imposing whatever sanction this Court deems appropriate.

On May 24, 2000, respondent pleaded guilty in the District Court of Massachusetts for the District of Great Barrington to possession of marijuana (one count), in violation of Massachusetts General Laws Annotated chapter 94C, § 34; possession of cocaine (one count), in violation of chapter 94C, § 34; possession with intent to distribute (one count), in violation of chapter 94C, § 32C; and distribution of marijuana (four counts), in violation of chapter 94C, § 32C, all of which are misdemeanors. Respondent was sentenced to a suspended one-year term of imprisonment, 240 hours of community service, placed on probation ending May 23, 2003, and ordered to attend drug counseling.

On or about December 17, 2001, respondent was served with a notice and statement of charges alleging that his criminal conduct violated Code of Professional Responsibility DR 1-102 (a) (3) and (7) (22 NYCRR 1200.3). On December 24, 2001, respondent submitted an answer admitting to all of the allegations contained in the charges.

Respondent testified at hearings held before a Referee on January 18 and March 15, 2002, that he had been addicted to marijuana from the time he was 15 years old until his arrest 10 years later. Respondent explained that he smoked on a daily basis for 10 years and as a second-year law student in June 1997 was arrested in Central Park for smoking marijuana, which matter was disposed of by adjournment in contemplation of dismissal. After graduating from law school, respondent began working in his parents' small law firm in upstate New York, but in June 1999, he took a respite and became a counselor at a camp in West Stockbridge, Massachusetts. Respondent stated that he became aware of drug usage in the camp, unrelated to him, and that eventually two campers told him their supply had run out and asked him to help them out. Respondent averred that he turned down the campers' requests on a number of occasions, but finally relented. He was then arrested.

Respondent, within a week of his arrest, entered a five-month rehabilitation program at the Smithers Institute, received

personal counseling from a psychotherapist for four months, and passed all of the random drug tests administered as a condition of his probation. Respondent also completed his community service, voluntarily suspended himself from the practice of law, effective November 2000, married a long-time friend, and moved to Austin, Texas, where both are well-employed.

The Referee noted in his report that respondent's wife testified "impressive[ly]," providing substance and strong support to respondent's claim of a total turnaround in his attitude, goals and efforts. Moreover, respondent's parents testified that prior to his arrest, respondent was arrogant, immature and apathetic, but that after his arrest, they described the profound impact that the arrest and subsequent humiliation and rehabilitation have had on him.

The Referee, taking all of the foregoing mitigating circumstances and evidence of a turnaround into consideration, recommended that respondent be suspended for one year following the termination of his parole in May 2003. The Hearing Panel, after hearing oral argument on June 20, 2002, indicated concern regarding respondent's serious breach of the disciplinary rules, but found respondent's evidence reflecting the "dramatic change in his behavior" since 1999 to be credible, and as a result, recommended a period of suspension for four years, to run from November 2000, the time that respondent voluntarily suspended himself from the practice of law.

In considering the sanction to be imposed upon respondent, we note that respondent did not have a previous disciplinary record, promptly reported his conviction to the Committee and fully cooperated with its investigation, voluntarily withdrew from practicing law in November 2000, freely acknowledged his misconduct and expressed his remorse, and appears to be firmly committed to his rehabilitation, where he has completed intensive drug counseling and has remained drug-free for more than three years. Moreover, we note that respondent's addiction may be considered as a mitigating factor when we consider the sanction to be imposed (*Matter of Fishbein*, 167 AD2d 85, 87-88 [1991]; *Matter of Winston*, 137 AD2d 385, 388 [1988]). We cannot, however, overlook the seriousness of respondent's conduct and, accordingly, adopt the longer period of suspension recommended by the Hearing Panel.

Accordingly, the Committee's petition for an order confirming the findings of fact and conclusions of law set forth in the Referee's report and the determination of the Hearing Panel should be granted to the extent that respondent is suspended

from the practice of law for four years, retroactive to November 2000.

NARDELLI, J.P., TOM, LERNER, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law for a period of four years, retroactive to November 2000, and until further order of this Court.