164

[971 NYS2d 100]

In the Matter of SCOTT B. GILLY (Admitted as SCOTT BROWNING GILLY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 10, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Scott B. Gilly was admitted to the practice of law in the State of New York by the First Judicial Department on October 26, 1999 under the name Scott Browning Gilly. At all times relevant to this proceeding, respondent maintained an office for the practice of law within this Department.

By order of February 5, 2013 (— F Supp —, 2013 WL 433537 [2013]), the United States District Court for the Southern District of New York suspended respondent for one year for misconduct committed in connection with an employment discrimination action. The suspension resulted partially from the improper use of an expert report on damages. The expert had prepared a report in which he assumed that respondent's client, the plaintiff in the employment action, would remain unemployed through 2010. However, in October 2010, the client began a new job with a new employer at a higher salary than she had been receiving at her old employer. Nonetheless, although he knew that the expert report was inaccurate because it assumed the client's continued unemployment, respondent used the expert report in an attempt to extract a favorable settlement. The Southern District suspension was also based on respondent's efforts, and those of an associate he supervised, to conceal facts regarding the client's employment with the new employer.

The Departmental Disciplinary Committee (Committee) now seeks an order, under Judiciary Law § 90 (2) and the Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing reciprocal discipline on respondent, namely, a one-year suspension, or, in the alternative, whatever discipline this Court deems appropriate under the circumstances. Respondent consents to the imposition of reciprocal discipline, and does not assert any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; and the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York.

We note that respondent was afforded sufficient due process before the Southern District insofar as he was advised of the allegations against him in each of the Southern District's orders

to show cause and, represented by current counsel, submitted detailed responses to each. Furthermore, the Southern District's misconduct findings are amply supported by admissions that respondent set forth in his submissions. In addition, the Southern District expressly found that respondent's conduct violated the New York Rules of Professional Conduct. Thus, the only issue left for this Court to decide is the appropriate sanction to be imposed.

As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Jaffe*, 78 AD3d 152, 158 [1st Dept 2010]; *Matter of Jarblum*, 51 AD3d 68 [1st Dept 2008]). In this instance, a one-year suspension is in accord with this Court's precedent involving similar misconduct (*see Matter of Rios*, 109 AD3d 64 [1st Dept 2013] [nine-month suspension for two partners who, among other things, improperly influenced client to misrepresent location of accident and concealed contradictory information provided by client from trial counsel]; *Matter of Rosenberg*, 97 AD3d 189 [1st Dept 2012] [one-year suspension for, inter alia, failing to correct materially untrue client testimony]; *Matter of Caliguiri*, 50 AD3d 90 [1st Dept 2008] [one-year suspension for improperly using documents surreptitiously obtained to assist another attorney in prosecution of medical malpractice claim]; *Matter of Pu*, 37 AD3d 56 [1st Dept 2006], *appeal dismissed in part, denied in part* 8 NY3d 877 [2007] [one-year reciprocal suspension, based on six-month suspension in Southern District, for misrepresentations to the court regarding documents produced in discovery and pursuit of a frivolous cause of action]).

Through his counsel, respondent requests that any suspension be made nunc pro tunc to February 28, 2013, the date he voluntarily ceased to practice law in anticipation of this reciprocal disciplinary proceeding (*see Matter of Keiser*, 304 AD2d 96 [1st Dept 2003] [four-year suspension based on misdemeanor drug convictions, nunc pro tunc to the date of voluntary self-suspension]). The Committee does not oppose respondent's request for a nunc pro tunc suspension because: (1) this Court has previously made reciprocal suspensions nunc pro tunc to the date of the suspension in the foreign jurisdiction (*see Matter of Shea*, 308 AD2d 29 [1st Dept 2003]; *Matter of Singer*, 302 AD2d 179 [1st Dept 2002]); and (2) the nunc pro tunc date sought by respondent (February 28, 2013) is very close to the date of the Southern District suspension order (February 5,

2013). The Committee requests, however, that respondent's reinstatement be conditioned upon his providing proof of his reinstatement in the Southern District.

We decline to expressly condition respondent's reinstatement to practice in New York upon his prior reinstatement in the Southern District. Upon a suspension greater than six months, respondent will have to apply for reinstatement by filing a petition pursuant to 22 NYCRR 603.14. While reinstatement by the Southern District would likely be addressed in the context of a reinstatement proceeding, there is no reason, at this time, for it to be deemed a determinative factor whether this Court grants reinstatement. On the contrary, it is for this Court to determine, at the time respondent applies for reinstatement, what weight his reinstatement by the Southern District should be given.

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent suspended from the practice of law in the State of New York for a period of one year, nunc pro tunc to February 28, 2013 and until further order of this Court.

Tom, J.P., Mazzarelli, Acosta, Moskowitz and Gische, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, nunc pro tunc to February 28, 2013 and until further order of this Court.