[867 NYS2d 67]

In the Matter of WILD CHANG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent Wild Chang was admitted to the practice of law in the State of New York by the First Judicial Department on June 7, 1982. Although he does not maintain an office in New York, he has remained current in his New York attorney registration. Respondent was also admitted to practice law in Massachusetts in 1989. Respondent maintains a law office in California although not admitted to the bar of that state.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for one year predicated upon similar discipline issued by the Supreme Judicial Court of the Commonwealth of Massachusetts for Suffolk County or, in the alternative, sanctioning respondent as this Court deems appropriate. Although served with this petition, respondent has not submitted a response.

On August 31, 2007, the Office of the Bar Counsel for Massachusetts filed a petition for discipline against respondent with the Board of Bar Overseers. The petition alleged that respondent mishandled four legal matters in California.

In the first matter, bar counsel alleged that on September 5, 2002, respondent was paid a $1,500 retainer fee to represent Miller in a discrimination claim arising out of her employment with the United States Postal Service. Because Miller sought to lodge a complaint against a federal employer, Equal Employment Opportunity Commission (EEOC) regulations required that she contact an Office of Equal Employment Opportunity (EEO) counselor within 45 days of the alleged discriminatory act (with limited exceptions). Miller had not made contact with an EEO counselor prior to retaining respondent and the 45-day deadline had long expired by the time respondent was retained. It was further alleged that respondent failed to advise his client that the 45-day period had elapsed when she paid his retainer fee and he failed to ascertain whether her case fell under any of the exceptions to the rule. By misapplying the statutory deadline applicable to private sector employees, respondent erroneously advised Miller that she had 300 days in which to make contact with the EEO counselor. Respondent ultimately filed the counseling request on the 303rd day, which was beyond even the erroneous deadline.

In the second matter, bar counsel alleged that on September 25, 2003, Michelle Hoffman-Jenneford paid respondent a $1,600 retainer fee to represent her in a discrimination claim arising

out of her employment with Amtrak. Because Amtrak is a private sector employer, Hoffman-Jenneford's claims were subject to title VII of the Civil Rights Act of 1964, which required her to file her claim with the EEOC within 300 days of the alleged unlawful incident (*see* 42 USC § 2000e-5 [e] [1]). It was further alleged that respondent failed to advise Hoffman-Jenneford regarding the time frame requirements for filing her claim with the EEOC until after that deadline had passed, failed to inquire about the status of his client's earlier and timely initial contact with the EEO Dispute Resolution Office and ultimately failed to file a claim on her behalf with the EEOC.

In the third matter, bar counsel alleged that Timothy Brownfield paid respondent a $1,600 retainer on October 1, 2002, and an additional $1,000 retainer on May 8, 2003, to represent him in a potential action against the United States Department of Justice for damages arising out of his alleged false arrest and unlawful imprisonment. It was further alleged that following his retention, respondent failed to take any action or provide any assistance to Brownfield.

In the fourth and last matter, bar counsel alleged that on February 16, 2005, Joel Peoples paid respondent a $2,000 retainer to file a discrimination suit against his employer, the City of Long Beach, California. It was further alleged that respondent failed to file a lawsuit in federal or state court on behalf of Peoples within the 90-day statutory filing period or provide any assistance to his client in furtherance of his discrimination claim.

With respect to Hoffman-Jenneford, Brownfield and Peoples, bar counsel also alleged that respondent had charged fees that were clearly excessive for the minimal services rendered and that despite repeated requests, he failed to account for the fees or refund any unearned portion thereof. With regard to Peoples, respondent was also charged with intentionally misrepresenting to his client and bar counsel that a $750 refund of his retainer fee had been issued.

Respondent did not file an answer to the petition for discipline nor did he seek an extension. Accordingly, by letter dated September 24, 2007, the Board notified respondent that due to his failure to respond to the petition within the statutory 20 days, the allegations in the petition were deemed admitted and he had waived his right to present evidence in mitigation. He was further advised that absent a request from bar counsel, no hearing would be conducted on sanction but bar counsel could

submit documentary evidence in aggravation, and he had 20 days from the date of the letter to seek relief from default. The Board warned respondent that failure to file such a motion would foreclose him from denying the allegations and presenting evidence in mitigation.

Respondent did not move for relief from the default. Accordingly, by letter dated October 16, 2007, the Board notified respondent that, on the basis of the documents in its file, it would make a determination of the appropriate discipline to impose at a meeting set for November 19, 2007. Respondent was advised that both parties could file sanction briefs within 14 days of the date of the letter. Respondent did not file a sanction brief but bar counsel did. After taking into consideration in aggravation respondent's default in the proceeding, bar counsel recommended a suspension of no less than one year and one day.

On December 10, 2007, the Board of Bar Overseers unanimously voted to suspend respondent for one year and one day and forwarded a copy of the vote of the Board to respondent. On January 10, 2008, the Board filed an information and the record of proceedings with the Massachusetts Supreme Judicial Court on notice to respondent. On January 23, 2008, the court issued a notice of docket entry scheduling a hearing for February 5, 2008, to afford respondent one more opportunity to cure his default. Although respondent was served with a copy of the order, he failed to appear at the February 5th hearing.

On February 8, 2008, the Massachusetts Supreme Judicial Court entered an order suspending respondent from the practice of law for one year and one day, effective 30 days after the date of entry of the order. That order forms the basis for the Committee's instant reciprocal disciplinary proceeding. By letter dated February 14, 2008, bar counsel sent respondent a copy of the order together with compliance forms that were to be completed and returned by February 29, 2008. Respondent never returned the forms, nor has he contacted bar counsel.

In the present proceeding seeking reciprocal discipline pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof presented to the foreign jurisdiction; and (3) the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (22 NYCRR 603.3 [c]; *Matter of Hoffman*, 34 AD3d 1, 2-3 [2006]; *Matter of Power*, 3 AD3d 21, 23 [2003]).

The Massachusetts Supreme Judicial Court suspended respondent from the practice of law for violating Massachusetts Rules of Professional Conduct rule 1.2 (a) by failing to seek the clients' lawful objectives; rule 1.3 by exhibiting a lack of diligence; rule 1.4 (b) by failing to communicate with clients; rules 1.5 (a), 1.15 (b) and 1.16 (d) by charging the clients clearly excessive fees and failing to account for or to refund unearned retainers; rule 1.1 because his conduct constituted a lack of competence; and rule 8.4 (c) because respondent made a misrepresentation to the client and bar counsel.

The Committee correctly argues that the Massachusetts Rules of Professional Conduct parallel the Disciplinary Rules of New York's Code of Professional Responsibility, to wit, respondent intentionally failed to seek the lawful objectives of his clients in violation of Code of Professional Responsibility DR 7-101 (a) (1) (22 NYCRR 1200.32); handled legal matters which he was not competent to handle in violation of DR 6-101 (a) (1) (22 NYCRR 1200.30); by failing to communicate with his clients, neglected a legal matter entrusted to him in violation of DR 6-101 (a) (3); by charging three of his clients excessive fees, and by failing to account for or refund the money entrusted to him, violated DR 2-110 (a) (3) and DR 9-102 (c) (3) and (4) (22 NYCRR 1200.15, 1200.46); and by misrepresenting to his client and to bar counsel that he returned a retainer, respondent in conduct involving dishonesty, fraud and deceit, in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3).

An attorney who has been disciplined in another state may be disciplined by this Court based on the conduct that gave rise to such discipline. The Committee correctly asserts that respondent is precluded from raising any defense enumerated in 22 NYCRR 603.3 (c) (1) since he was given ample opportunity to be heard, and he declined to appear. Similarly, respondent has no defense under 22 NYCRR 603.3 (c) (2) since there was no infirmity of proof where respondent failed to contest any of the charges, having defaulted throughout the entire Massachusetts proceeding. Finally, respondent has no defense under 22 NYCRR 603.3 (c) (3) because the misconduct for which respondent was disciplined in Massachusetts constitutes misconduct in New York.

Respondent has not submitted a response to the petition, and since no defense has been raised, or appears to exist, the Departmental Disciplinary Committee's petition for an order, pursuant to the doctrine of reciprocal discipline as set forth in

22 NYCRR 603.3, should be granted. With regard to the issue of sanctions, in reciprocal proceedings, this Court generally accords significant weight to the sanction imposed by the jurisdiction where the misconduct occurred on the theory that the state where a respondent lives and practices law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see Matter of Reiss*, 119 AD2d 1, 6 [1986]).

Here, the circumstances are unusual since respondent does not live or practice law in Massachusetts, or for that matter in New York, and the misconduct for which he was disciplined by Massachusetts was committed in California. Nevertheless, as the Committee correctly argues, there are no compelling reasons to depart from the one year and one day suspension imposed in Massachusetts because it is consistent with First Department precedent for similar levels of misconduct (*see e.g. Matter of Nuzzo*, 47 AD3d 125 [2007] [one-year suspension imposed on attorney with no prior disciplinary history who neglected two legal matters and admitted having lied to the client and before the Departmental Disciplinary Committee under oath to conceal the neglect]; *Matter of Flynn*, 39 AD3d 116 [2007] [one-year suspension for neglecting eight client matters over 3½ years, falsifying firm's records to conceal conduct, misrepresenting status of matter to client]; *Matter of Hecht*, 253 AD2d 98 [1999] [one-year suspension imposed on attorney with disciplinary history who neglected one matter for six years and failed to refund client's retainer fee after client's demand]; *compare Matter of Leavitt*, 291 AD2d 37 [2002] [18-month suspension for neglect of three matters, lying to client about status of case, misleading Departmental Disciplinary Committee in his answers, and two prior admonitions but where admitted to misconduct and expressed remorse]).

Accordingly, the Committee's petition should be granted, and respondent suspended from the practice of law in the State of New York for a period of one year, effective the date hereof and until further order of this Court.

MAZZARELLI, J.P., BUCKLEY, ACOSTA, RENWICK and DEGRASSE, JJ., concur.

Respondent suspended from the practice of law for a period of one year, effective the date hereof, and until further order of this Court.