Matter of Rys (2022 NY Slip Op 04704)

Matter of Rys

2022 NY Slip Op 04704

Decided on July 26, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 26, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern,J.P.,
Angela M. Mazzarelli
Ellen Gesmer
Jeffrey K. Oing
Peter H. Moulton, JJ.

Motion No. 2022-02046 Case No. 2022-02088 

[*1]In the Matter of Laura M. Rys, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Laura M. Rys, (OCA Atty Reg. No. 2781490) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 28, 1996.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Todd A. Rossman, Esq., for respondent.

Per Curiam 

Respondent Laura M. Rys was admitted to practice law in the State of New York by the First Judicial Department on October 28, 1996. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2) and the doctrine of reciprocal discipline as set forth in the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, disciplining respondent based upon the discipline imposed by the Supreme Court of New Jersey, directing her to demonstrate why discipline should not be imposed for the underlying misconduct and sanctioning her for no less than 1½ years or such time as this Court deems appropriate. Pursuant to the consent of respondent's counsel, respondent was served with AGC's motion by email and regular mail but did not submit a response to the motion.
Respondent was admitted to practice law in the State of New Jersey in 1993. By order dated March 24, 2016, respondent was temporarily suspended from the practice of law in New Jersey for failure to pay a fee arbitration award; by order dated January 31, 2020, she was suspended from the practice of law in New Jersey for six months; and by order dated July 15, 2020, she was suspended from the practice of law in New Jersey for one year effective August 1, 2020, and until further order of the court. Respondent did not report any of the suspensions to New York disciplinary
authorities. By letter dated January 12, 2022, the Office of New Jersey Ethics advised the AGC of the suspensions and respondent's prior disciplinary history in that State.
More specifically, on August 25, 2014, November 17, 2014 and October 27, 2015, respondent became ineligible to practice law in New Jersey based on her failure to: register and pay the annual attorney assessment to the New Jersey Lawyers' Fund for Client Protection, comply with the Continuing Legal Education (CLE) requirements, and comply with its Interest on Lawyers' Trust Accounts program, respectively. Following her temporary suspension by order of March 24, 2016 (effective April 25, 2016), she remained suspended because she had not complied with the aforesaid administrative requirements or satisfied a fee arbitration award.
On November 7, 2018, the New Jersey Office of Attorney Ethics (OAE) served respondent with an amended complaint (Complaint) charging her with three counts of misconduct. Count One charged respondent with failing to maintain an attorney trust account, representing a client in Family Court while ineligible to practice law and falsely stating to the OAE that she was not acting as an attorney when she appeared in the 2015 Family Court case. Count Two charged respondent with representing a debtor in a bankruptcy proceeding in the U.S. Bankruptcy Court, District of New Jersey in May 2016, at a time [*2]when she was aware she was ineligible to practice law, and making misrepresentations to the OAE that she was only acting as "moral support" and was not acting as an attorney for the debtor. Count Three alleged that despite having received a letter advising her of her responsibility to do so, respondent failed to file an affidavit of compliance after she was temporarily suspended by order dated March 24, 2016.
Having failed to file an answer to the Complaint, the OAE, on January 16, 2019, certified the matter as a default to the Disciplinary Review Board (DRB). Thereafter, by a decision dated August 2, 2019, the DRB determined that a six-month suspension was the appropriate sanction, upon a finding that respondent's failure to answer the Complaint was an admission that the allegations were true; and that the facts alleged in the Complaint supported charges of unethical conduct:
"Respondent violated the recordkeeping rules by admittedly failing to maintain trust and business accounts in New Jersey, from December 23, 2015 to February 17, 2016, a violation of RPC 1.15(d). She also violated RPC 5.5(a)(1) by representing clients while ineligible in both state and federal court. In the bankruptcy matter, she failed to inform the clerk that she had been temporarily suspended, a violation of RPC 3.3(a)(5).
Respondent also made misrepresentations to the OAE when she denied appearing in her clients' behalf in both the child support and bankruptcy matters, and asserted that she was there merely for their moral support. The records in both cases prove otherwise. She, therefore, violated RPC 8.1(a) and RPC 8.4(c). Finally, respondent failed to file the R. 1:20-20 affidavit of compliance, thereby violating RPC 8.1(b) and RPC 8.4(d)."
The DRB noted that respondent had advanced no mitigating circumstances because she defaulted; and that her failure to comply with the attorney registration and payment requirements since 2014 and the failure to satisfy the fee arbitration award made it apparent that respondent did not value her New Jersey law license.
Thereafter, the DRB decision was submitted to the court and by order entered January 31, 2020, the Supreme Court of New Jersey suspended respondent for a period of six months, effective immediately, and until further order of the court.
During the pendency of the prior proceeding, on April 3, 2019, respondent was served with another formal ethics complaint (Second Complaint) charging her with:
"violations of RPC 1.5(b) (failure to set forth in writing the basis or rate of the legal fee); RPC 1.15(d) and & 1:21-6(a)(2) (recordkeeping deficiencies); RPC 8.1(a) (false statement of material fact in connection with a disciplinary matter); RPC 8.1(b) (failure to cooperate with disciplinary authorities); and RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation)."
The charges arose out of her representation of a client, who had paid her a retainer, for which she failed to provide a written retainer, [*3]failed to deposit the nonrefundable fee into an attorney business account since she did not have such an account when she received the payment, and made misrepresentations to the OAE about the retainer. The Second Complaint also alleged that respondent's failure to refund $16,599.87 to this client, as determined by the Fee Arbitration Committee, led to her temporary suspension from the practice of law in 2016.
Once again respondent failed to file an answer to the Second Complaint and by decision dated March 27, 2020, the DRB voted to suspend respondent for one year, to run consecutively with the six-month suspension ordered by the court on January 31, 2020. The DRB found that respondent's conduct caused significant harm to the client and demonstrated her lack of respect for New Jersey's regulations governing attorneys, its disciplinary system and the fee arbitration process; and that despite being ineligible to practice law, once again, she did so.
By order entered July 15, 2020, the Supreme Court of New Jersey agreed with the DRB's decision and suspended respondent from the practice of law for a period of one year and until further order of the court, effective August 1, 2020. The AGC reports that respondent remains suspended in New Jersey and there is no evidence in the record that she satisfied the arbitration judgment.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in New York.
The motion should be granted because none of the defenses are available to respondent. The record establishes that respondent was afforded due process because she was served with two sets of charges and given ample time to respond to each, but she defaulted. There was also sufficient evidence that established respondent's misconduct. Moreover, the misconduct for which respondent was sanctioned in New Jersey constitutes misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.5(b) (retainer agreement), 1.15 (b)(1), (2),(4), (d)(1)(i)-(iii) (maintain records), 1.15(j) (cooperate with disciplinary authorities), 3.3(a) (making false statement to a tribunal), 5.5(a) (unauthorized practice of law), 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and 8.4(d) (conduct prejudicial to the administration of justice).
With respect to the appropriate sanction, as a general rule, this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d 108, 111 [1st Dept 2021]; Matter of [*4]Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Here, a 1½ year suspension is the appropriate sanction as it is commensurate with the discipline imposed in New Jersey and this Court's precedent involving comparable misconduct (see Matter of Walters, 159 AD3d 88 [1st Dept 2018]; Matter of Kulcsar, 98 AD3d 161 [1st Dept 2012]).
Accordingly, the AGC's motion for reciprocal discipline should be granted, and respondent is suspended from the practice of law in the State of New York for a period of 1½ years and until further order of this Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion for reciprocal discipline, based upon similar discipline imposed by Supreme Court of New Jersey, is granted, and respondent Laura M. Rys is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.13, for a period of one and one-half (1½) years, effective August 26, 2022, and until further order of this Court, and
IT IS FURTHER ORDERED that during the period of suspension and until further order of this Court, respondent Laura M. Rys is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that the respondent Laura M. Rys shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made a part hereof, and
IT IS FURTHER ORDERED that if respondent Laura M. Rys has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: July 26, 2022