Matter of Corcoran (2022 NY Slip Op 06437)

Matter of Corcoran

2022 NY Slip Op 06437

Decided on November 15, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Judith J. Gische
David Friedman
Anil C. Singh
Tanya R. Kennedy, JJ.

Motion No. 2022-03149 Case No. 2022-03413 

[*1]In the Matter of Andrew R. Corcoran (Admitted as Andrew Ryan Corcoran), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Andrew R. Corcoran, (OCA ATTY. REG. NO. 4400404), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 20, 2006.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Andrew R. Corcoran was admitted to the practice of law in the State of New York by the First Judicial Department on March 20, 2006, under the name Andrew Ryan Corcoran. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90 (2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why this Court should not impose discipline based on the misconduct underlying his discipline in Maryland, and suspending him for a period of 18 months, or, in the alternative, sanctioning him as the Court deems appropriate.
Respondent was admitted to the practice of law in the District of Columbia in July 2009 and in Maryland in July 2018. In June 2021, the Attorney Grievance Commission of Maryland filed a petition for disciplinary or remedial action charging respondent with having violated several rules of the Maryland Attorneys' Rules of Professional Conduct and Maryland Rules governing attorney trust accounts.
In March 2022, prior to a hearing on the charges, Maryland Bar Counsel and respondent, then represented by counsel, submitted a joint petition for an indefinite suspension setting forth the facts establishing the misconduct, the rules violated and the agreed upon discipline of an 18-month suspension. Specifically, respondent stipulated that in or about April 2017, he was hired to work for a mortgage default services law firm. The mortgage default services law firm represented lenders and mortgage loan servicers in foreclosure and default proceedings in Maryland and the District of Columbia, acting as substitute trustee for lenders and mortgage loan servicers who had lawfully enacted foreclosure proceedings that were in default. The proceeds of those foreclosures would be transferred into its trust accounts to be paid to its clients.
When respondent was hired in 2017, he was not yet licensed in Maryland and his title was administrative office manager. Around that time, the firm opened a new Maryland IOLTA attorney trust account at a bank with respondent and the firm's then managing attorney as two of the three individuals with signatory authority on the account. After the managing attorney left in the fall of 2017, respondent assumed greater oversight of the firm's trust account, despite not being admitted in Maryland, and was the only attorney responsible for the account. At some point after the opening of the new trust account, respondent learned that the firm's client trust monies were generally not being held in trust by the firm, but were under the control of the firm's parent entity in a California-based bank. Respondent [*2]initially believed client funds were held in a trust account, but he did not have access or control over that account, and he later learned that it was not properly set up as a trust account.
Prior to respondent's employment, the firm collected proceeds belonging to its client from the sales of multiple foreclosed properties. The collected proceeds were substantial and constituted funds belonging in whole or in part to the client, which required deposit and maintenance in an attorney trust account. By the late summer of 2018, the client became concerned about the firm's untimeliness in processing and disbursing its funds. Around that time, respondent advised the client that checks representing certain proceeds had been mailed. While respondent was aware that the firm's Maryland IOLTA trust account did not have the funds to cover the checks, he negligently relied on false and/or misleading statements made to him by the principal owner of the firm's parent entity ("principal owner") that sufficient funds would be transferred to the account.
Respondent subsequently issued six checks, totaling $822,156.09, on the firm's Maryland IOLTA trust account at a time when he knew the account lacked sufficient funds to cover the checks. As before, respondent negligently relied on representations made by the principal owner that sufficient funds would be transferred to the account. The client was unable to successfully negotiate any of the checks it received from the firm as all of the checks were returned as either 'Not Sufficient Funds' or 'Stop Payment'.
Throughout his communications with the client's counsel, respondent negligently relied on representations made to him by the principal owner, concealed material information from the client, and obfuscated the status of the payments to the client.
Respondent admitted he violated the following charges: Rule 19-301.1 (competence), Rule 19-301.4 (communication), Rule 19-301.15 (safekeeping property), Rule 19-305.1 (responsibilities of partners, managers, and supervisory attorneys), Rule 19-305.3 (responsibilities regarding nonattorney assistants), and Rule 19-308.4 (a), (c) and (d) (misconduct) of the Maryland Attorneys' Rules of Professional Conduct, and Maryland Rules 19-407 (attorney trust account record-keeping) and Rule 19-410 (prohibited transactions).
The following mitigation was also agreed to by the parties: the absence of prior attorney discipline, or a dishonest or selfish motive; personal or emotional problems and timely good faith efforts to make restitution including respondent using his personal funds to pay the client amounts due; full and free disclosure to Bar Counsel and a cooperative attitude toward the disciplinary proceeding; respondent's inexperience in the practice of law as it pertained to managing attorney trust accounts; character or reputation evidence; remorse; and his unlikelihood of repeating the subject misconduct. As to the discipline to impose, the petition stated:
"An indefinite [*3]suspension with the right to petition for reinstatement in eighteen months is the appropriate sanction where an attorney improperly relies on another to manage an attorney trust account resulting in misappropriation of entrusted funds and then makes misrepresentations regarding the status of entrusted funds based on the attorney's failure to conduct adequate due diligence and mistaken reliance on statements of others. The instant case is serious as it involves repeated failure to ensure adequate funds were in the trust account at the time the Respondent made the representations."
In consenting to the above, respondent averred that he was aware of the effects to such discipline and gave his consent "freely and voluntarily, without coercion or duress."
By order entered March 9, 2022, the Court of Appeals of Maryland considered the joint petition of the parties and indefinitely suspended respondent from the practice of law effective April 15, 2022, with the right to petition for reinstatement after 18 months.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state. The AGC argues that none of the above defenses apply herein because respondent was afforded due process in that he was served with a petition of charges and, while represented by counsel, he freely entered into a joint petition for indefinite suspension wherein he admitted to the professional misconduct, rules violated and consented to the discipline imposed. The AGC also states that the conduct for which respondent was disciplined in Maryland would constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a) (competence), 1.4 (communication), 1.15 (safekeeping property and record keeping and maintaining escrow funds), 5.1 (responsibilities of partners, managers, and supervisory lawyers), 5.3 (lawyer's responsibility for conduct of nonlawyers), and 8.4 (misconduct).
As to sanction, the AGC asserts that the Court should give deference to the discipline imposed by the Maryland Court of Appeals since it does not materially deviate from precedent in this Court involving arguably comparable misconduct (Matter of Rys, 208 AD3d 83 [1st Dept 2022]; Matter of Tran, 173 AD3d 1 [1st Dept 2019]; Matter of Mertz, 171 AD3d 225 [1st Dept 2019]; Matter of Sishodia, 154 AD3d 123 [1st Dept 2017]).
Although respondent, pro se, has not submitted a formal response to this motion, in an August 1, 2022 email to AGC staff he accepted service of the within motion via email and advised that he "fully expected such a motion to be forthcoming. I do not intend to challenge the motion. Instead[*4], I merely want to get this process started, move on with the reciprocal suspension in compliance with the rules and then after 18 months petition for reinstatement."
Respondent did not raise any of the applicable defenses, nor do any of them apply herein where he was advised of the allegations against him, he was represented by counsel when he freely admitted to the misconduct and rules violated, and consented to the discipline imposed by the Court of Appeals of Maryland. Moreover, as a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (Matter of Milara, 194 AD3d 108 [1st Dept 2021]; Matter of Peters, 127 AD3d 103 [1st Dept 2015]), and only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]).
Accordingly, the motion for reciprocal discipline should be granted, and respondent is suspended from the practice of law for a period of 18 months and until further order of the Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Court of Appeals of Maryland, is granted, and respondent Andrew R. Corcoran, admitted as Andrew Ryan Corcoran, is suspended from the practice of law in the State of New York for a period of 18 months, effective December 15, 2022, and until further order of this Court, and
IT IS FURTHER ORDERED that during the period of suspension and until further order of this Court, pursuant to Judiciary Law § 90, respondent Andrew R. Corcoran, admitted as Andrew Ryan Corcoran, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent, Andrew R. Corcoran, admitted as Andrew Ryan Corcoran, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and,
IT IS FURTHER ORDERED that if respondent, Andrew R. Corcoran, admitted as Andrew Ryan Corcoran, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: November 15, 2022