Matter of Gotimer (2023 NY Slip Op 04348)

Matter of Gotimer

2023 NY Slip Op 04348

Decided on August 17, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 17, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding
Cynthia S. Kern Jeffrey K. Oing David Friedman Peter H. Moulton
Justices.

Motion No. 2023-02256 Case No. 2023-02480 

[*1]In the Matter of Thomas M. Gotimer, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Thomas M. Gotimer (OCA Atty. Reg. No. 2551869), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Thomas M. Gotimer, was admitted, as Thomas More Gotimer, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 17, 1993.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Thomas M. Gotimer was admitted to the practice of law in the State of New York by the First Judicial Department on May 17, 1993, under the name Thomas More Gotimer. Respondent, pro se, has not appeared in this proceeding and his last registered address was in Connecticut. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
In 2009, respondent was suspended from the practice of law in New York as part of a mass suspension proceeding for failing to file attorney registration statements and pay biennial registration fees (64 AD3d 187 [1st Dept 2009]). Respondent was reinstated on January 28, 2014. On March 17, 2020, respondent was again suspended for failure to register (183 AD3d 67 [1st Dept 2020]). To date, he remains suspended in New York.
On April 14, 2022, the Connecticut Statewide Grievance Committee issued respondent a public reprimand for his failure to cooperate with a disciplinary investigation related to his representation of a client in a criminal matter. Approximately six months later, on October 25, 2022, the Connecticut Superior Court for the Judicial District of Ansonia/Milford suspended respondent for a total of one year for professional misconduct committed in connection with another unrelated criminal representation.
Respondent's misconduct in Connecticut arose from his mishandling of two separate client matters. In September 2020 and March 2021, the first client filed grievances with the Connecticut Statewide Bar Counsel alleging that respondent had mishandled his criminal matter, failed to return his medical records, and did not provide him with a copy of his sentencing transcript, after the representation concluded with the first client pleading guilty to drug-related offenses. Between January and June 2021, the Office of Chief Disciplinary Counsel (OCDC) requested that respondent provide, among other things, a copy of his written fee agreement with the first client, a copy of all billing statements sent to the first client, and proof of the date when he returned the first client's medical documents. Respondent failed to answer the first client's grievance, and did not provide the requested material to the OCDC.
In 2019, a second client, who was serving a 65-year prison sentence for murder and criminal possession of a firearm, entered into [*2]an oral agreement with respondent for respondent to represent him in his petition for a new trial, which the second client initially filed in 2016 as a pro se litigant. The second client's family paid respondent $6,000, but respondent did not provide them with a written fee agreement. In November 2020, the second client filed a grievance alleging that respondent had mishandled his case and had charged him an exorbitant fee. Respondent did not answer the grievance, and did not provide documents requested by the OCDC, namely, a complete copy of the second client's file, a copy of all billing statements sent to the second client, and copies of all funds collected and disbursed on behalf of the second client.
A Grievance Panel determined that there was probable cause that respondent had committed professional misconduct with respect to both matters and they were referred to a Reviewing Committee, which held a remote hearing on October 14, 2021 at which both clients and respondent testified.
By April 14, 2022 decision, the Reviewing Committee found that there was insufficient evidence to conclude that respondent had mishandled the first client's criminal matter and noted, inter alia, that the record evidenced that respondent had returned the first client's medical records and had attempted to fax the sentencing transcript to him. Nevertheless, the Reviewing Committee found that there was clear and convincing evidence of professional misconduct in that respondent failed to answer the first client's grievances and failed to provide the documents requested by the OCDC in violation of Connecticut Rules of Professional Conduct (Connecticut RPC) rule 8.1(2) for which it issued him the aforementioned public reprimand.
By separate April 14, 2022 decision, the Reviewing Committee also found that respondent had committed misconduct in connection with the second client's matter in that he had not served written discovery requests, and had not taken steps to compel the deposition of a police officer (after the officer failed to appear pursuant to three separate notices) who the second client believed possessed exculpatory information (both tasks were accomplished by successor counsel), in violation of Connecticut RPC rules 1.1 and 1.3. Additionally, the Reviewing Committee found that respondent had violated Connecticut RPC rule 8.1(2) in that he failed to answer the second client's grievance and failed to respond to the OCDC's lawful demands for information.
The Reviewing Committee also found that respondent violated Connecticut RPC rule 1.5(b) by failing to provide the second client with a written fee agreement. However, it found that there was insufficient evidence to conclude that respondent had collected an unreasonable fee in violation of Connecticut RPC rule 1.5(a) because he had made efforts to depose the police officer who purportedly possessed exculpatory information, had attended pretrial conferences, and had refunded $2,500 to the second client's family[*3]. Nevertheless, given the previously discussed misconduct findings, the Reviewing Committee directed the OCDC to file a presentment with the Connecticut Superior Court for trial de novo and the imposition of whatever discipline the court deemed appropriate.
On or about July 18, 2022, the OCDC filed a presentment as directed. Following a hearing, the court issued its October 25, 2022 order in which it adopted the Reviewing Committee's misconduct findings, and directed respondent to make $3,200 in restitution to the second client within 60 days. As to sanction, the court imposed a total period of suspension of one year.
Now, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, suspending him for one year based on the misconduct underlying his discipline by Connecticut authorities, or, in the alternative, sanctioning respondent as this Court deems appropriate.
In a proceeding seeking reciprocal discipline, as here, pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Notwithstanding that respondent, pro se, has not appeared in this proceeding, none of the possible defenses are available to him because he received notice of the allegations against him and was afforded two hearings, the record sufficiently supports the Connecticut Superior Court's misconduct findings, and respondent's misconduct in Connecticut would also constitute misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a), 1.3(a), 1.5(b), and 8.4(d).
With respect to the sanction, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Thus, a one-year suspension is the appropriate sanction here as it is commensurate with the discipline imposed by the Connecticut Superior Court and in general accord with precedent involving arguably comparable misconduct (see Matter of Rys, 208 AD3d 83 [1st Dept 2022]; Matter of Milara, 194 AD3d at 108; Matter of Chang, 57 AD3d 151 [1st Dept 2008]).
Accordingly, the AGC's motion for an order pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline should be granted, and respondent is hereby suspended from the practice [*4]of law in the State of New York for a period of one year, and until further order of this Court, with his current suspension for failure to register to remain extant.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Connecticut Superior Court for the Judicial District of Ansonia/Milford, is granted, and respondent Thomas M. Gotimer, admitted as Thomas More Gotimer, is suspended from the practice of law in the State of New York for a period of one year, and until further order of this Court, with his current suspension for failure to register to remain extant, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Thomas M. Gotimer, admitted as Thomas More Gotimer, is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent Thomas M. Gotimer, admitted as Thomas More Gotimer, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Thomas M. Gotimer, admitted as Thomas More Gotimer, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: August 17, 2023