Matter of Kort (2025 NY Slip Op 00049)

Matter of Kort

2025 NY Slip Op 00049

Decided on January 07, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice
Saliann Scarpulla Julio Rodriguez III LlinÉt M. Rosado Marsha D. Michael
Justices.

Motion No. 2024-04056 Case No. 2024-05195 

[*1]In the Matter of Allison Greer Kort a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Allison Greer Kort (OCA Atty Reg. 3052453), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Allison Greer Kort, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 22, 2000.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Allison G. Kort was admitted to the practice of law in the State of New York by the First Judicial Department on May 22, 2000. Respondent's registered business address is in Missouri. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
By order dated June 20, 2023, the Supreme Court of Missouri suspended respondent from the practice of law on an interim basis. On January 23, 2024, this Court imposed a reciprocal interim suspension, effective immediately (see Matter of Kort, 224 AD3d 15 [1st Dept 2024]). Respondent has not been reinstated and remains suspended in New York.
By order dated April 2, 2024, the Supreme Court of Missouri suspended respondent from the practice of law for one year, stayed the suspension, and placed respondent on probation for a period of three years.
Now, by notice dated August 14, 2024, the Attorney Grievance Committee (AGC) requests this Court impose reciprocal discipline, pursuant to 22 NYCRR 1240.13 and Judiciary Law § 90(2), by suspending respondent for a period of one year, effective nunc pro tunc to January 23, 2024, or sanctioning respondent as this Court deems just and proper.
The AGC served the motion by email with respondent's consent, but she has not submitted a response.
On December 13, 2023, respondent, represented by counsel, entered into a stipulation with the Missouri Office of Chief Disciplinary Counsel (MOCDC) in which she admitted to committing professional misconduct between March 2022 and April 2023 in connection with five appellate matters and a disciplinary complaint (six counts). Count One
Respondent was retained by K.C.M. to represent K.C.M in an appeal. Rule 78.07(c) requires that in judge-tried cases, as in K.C.M.'s case, any challenge to the form or language of the trial court's judgment must be brought up in a timely motion to amend the judgment for the issues to be preserved for appeal. On March 29, 2022, respondent entered her appearance in the case and filed a motion to amend the judgment. However, respondent failed to meet the March 28th deadline and as a result, she failed to preserve a challenge to the form or language of the judgment for appeal. She subsequently initiated an appeal in which the brief was due on October 4, 2022. Between October 5 and December 20, 2022, respondent was granted multiple extensions [*2]to file a brief, the last of which expired on January 3, 2023. On January 4, she attempted to file a brief, but it was rejected as untimely, and the appeal was dismissed on January 6, 2023. Count Two
Respondent represented T.K. in an appeal in which the brief was due on or before December 29, 2022. Respondent failed to file a brief or request an extension of time to file by December 29. On January 12, 2023, respondent filed a motion for an extension of time to file the brief and admitted therein that her motion was filed 14 days after the original deadline and that she had not realized she had missed the deadline until January 11, 2023. Count Three
On September 2, 2022, respondent filed a notice of appeal on behalf of A.B. The brief was due on December 19, 2022. Respondent failed to timely file a brief or request an extension of time. The court sent a dismissal notice to respondent on December 20, 2022 and extended the deadline to January 4, 2023. Respondent subsequently filed a motion for extension, which was granted until January 18, 2023 and marked as final. Respondent failed to file a brief, but the court, on its own motion, gave respondent until February 4, 2023 to file. On February 3, respondent filed portions of a brief, blank pages, exhibits and nothing else, and the appeal was dismissed on February 6, 2023. Count Four
Respondent represented the appellant and filed a motion for an extension of time to file a brief on October 25, 2022. The motion was granted and the deadline extended to November 23, 2022. By November 23, respondent had not filed a brief nor sought additional time to file. On November 28, the court, on its own motion, gave respondent until December 14, 2022 to file her brief. On December 14, respondent filed a "non-compliant" brief, which was struck by the court. Respondent moved to amend the brief on December 30, but the court dismissed the appeal for failure to prosecute on January 9, 2023. On January 25, respondent moved to reconsider the dismissal, which was denied. In respondent's motion, she explained, "The involuntary dismissal of [the] appeal resulted solely from undersigned counsel's mistake and neglect, in failing to perfect the appeal by timely filing Appellant's Brief." She further stated that her client's appeal was "involuntarily dismissed because his attorney failed to exercise proper judgment in managing her time, work schedule, and obligations to this Court and her clients." Count Five
Respondent represented J.S. in an appeal. In March 2023, the court granted respondent two extensions to file a brief on behalf of J.S. The final deadline was April 14, 2023. On April 15, 2023, respondent filed a brief which was struck by the court for failing to comply with the requirements of Rule 84.04, but respondent was given until May 4, 2023 to file an amended brief correcting the violations. On May 5, respondent filed an amended brief, which was accepted. On May 17, respondent moved to file a second amended [*3]brief to correct deficiencies in her first amended brief. Respondent's adversary subsequently filed a motion for dismissal, which the court designated as "Taken with the Case."
Count Six
On March 17 and April 7, 2023, the MOCDC sent respondent two demands for a written response to a disciplinary complaint against her. Respondent did not respond by the deadline, nor did she seek additional time to respond.
Based on the above facts, respondent stipulated that she violated Missouri Rules of Professional Conduct 4-1.1 (competent representation), 4-1.3 (diligent representation), and 4-3.4(c) (knowingly disobeying obligations under the rules of the tribunal). The stipulation also noted mitigating factors, namely: no previous disciplinary history; no evidence of dishonest or selfish motive; significant personal and emotional problems; timely and good faith effort to mitigate the financial damage to her clients; imposition of significant sanctions (her June 20, 2023 interim suspension); and respondent had shown significant remorse as she often acknowledged her failures in pleadings filed with the court.
The stipulation recommended an indefinite suspension with no leave to apply for reinstatement for one year, the suspension to be stayed, and respondent placed on probation for three years.
On December 13, 2023, a hearing convened before a three-member Disciplinary Hearing Panel (DHP) during which respondent, represented by counsel, testified. By January 2, 2024 decision, the DHP adopted the parties' stipulation. By April 2, 2024 order, the Supreme Court of Missouri found respondent guilty of misconduct and directed that she be disciplined as set forth in the stipulation.
In a proceeding seeking reciprocal discipline, as here, under 22 NYCRR 1240.13(b)(1), respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Respondent has not raised any of the enumerated defenses and none are applicable here. She received notice of the allegations against her and freely entered into a stipulation with Missouri disciplinary counsel admitting her misconduct and consenting to the discipline imposed. Moreover, the record fully supports the Missouri Supreme Court's misconduct findings, and such misconduct constitutes misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a), 1.3(a), 8.4(d), and 8.4(h).
Generally, this Court "gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought" (Milara, 194 AD3 at 111; see Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]). We depart from this general rule only in rare circumstances[*4](see Matter of Karambelas, 203 AD3d 75, 80-81 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]).
As "'the policy of this Court is not to stay suspensions'" (Matter of Ziankovich, 180 AD3d 140, 146 [1st Dept 2020], quoting Matter of Hagendorf, 17 AD3d 25, 27 [1st Dept 2005]), a one-year suspension retroactive to the date of respondent's interim suspension in New York, as requested by the AGC, is the appropriate sanction in line with our precedent (see Matter of Gotimer, 219 AD3d 7 [1st Dept 2023]; Matter of Sofer, 212 AD3d 145 [1st Dept 2023]; Matter of Chang, 57 AD3d 151 [1st Dept 2008]).
Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law in the State of New York for a period of one year, effective nunc pro tunc to January 23, 2024, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.13, is granted, and respondent, Allison Greer Kort, is suspended from the practice of law in the State of New York for a period of one year, effective nunc pro tunc to January 23, 2024, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Allison Greer Kort, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Allison Greer Kort, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Allison Greer Kort, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: January 7, 2025