Matter of Rys (2025 NY Slip Op 01582)

Matter of Rys

2025 NY Slip Op 01582

Decided on March 18, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick Presiding Justice
Cynthia S. Kern Peter H. Moulton Ellen Gesmer Kelly O'Neill Levy
Justices.

Motion No. 2025-00147|Case No. 2025-00150|

[*1]In the Matter of Laura M. Rys A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Laura M. Rys (OCA Atty Reg. 2781490), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Laura M. Rys, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 28, 1996.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Eric Sun, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Laura M. Rys, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 28, 1996.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Eric Sun, of counsel), for petitioner
Respondent, pro se.
Motion No. 2025-00147 — February 10, 2025
In the Matter of Laura M. Rys, a suspended attorney
Per Curiam
Respondent Laura M. Rys was admitted to the practice of law in the State of NewYork by the First Judicial Department on October 28, 1996 and maintained a law office in the First Department at all relevant times. She was also admitted to practice law in New Jersey in 1993.
Respondent became ineligible to practice law in New Jersey on August 25, 2014 for failing to pay the annual attorney assessment to the New Jersey Lawyer's Fund for Client Protection (FCP); on November 17, 2014 for failing to comply with CLE requirements; and on October 27, 2015 for failing to comply with mandatory procedures for New Jersey's Interest On Lawyer's Trust Accounts (IOLTA) program. As of January 8, 2024, she had failed to cure those deficiencies, and therefore remained ineligible to practice law in New Jersey.
By order dated March 24, 2016, the Supreme Court of New Jersey suspended respondent from the practice of law in New Jersey until she paid a fee arbitration award (224 NJ 442, 134 A3d 24 [2016]). The court mailed the order to respondent at her office and home addresses of record. The cover letter further advised respondent that she also remained administratively ineligible to practice law due to her previous failures to comply with CLE, FCP and IOLTA requirements.
By order dated January 31, 2020, upon respondent's default, the Supreme Court of New Jersey suspended respondent for six months for failing to maintain an IOLTA account; representing a client in a 2015 family court case while ineligible to practice law; representing a debtor in a federal bankruptcy proceeding in New Jersey in May 2016 while ineligible to practice law; making misrepresentations to disciplinary authorities concerning her actions; and failing to file an affidavit of compliance after she was temporarily suspended in April 2016 (241 NJ 73, 224 A3d 1252 [2020]). At the time of the January 2020 suspension, she had not complied with the court's prior fee arbitration order. The court provided respondent with a copy of the January 2020 suspension order.
By order dated July 15, 2020, upon respondent's default, the Supreme Court of New Jersey suspended respondent for one year, consecutively to its January 31, 2020 suspension, for failure to provide a client with a writing explaining the basis for her legal fee, failure to maintain an attorney business account, and making false statements to, and failing to cooperate with, the New Jersey Office of Attorney [*2]Ethics (OAE) in its investigation of respondent (243 NJ 193, 233 A3d 521 [2020]). The court provided respondent with a copy of the July 2020 suspension order.
Respondent failed to report any of the discipline imposed on her in New Jersey to this Court or the Attorney Grievance Committee (AGC) as required (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13[d]). When the AGC learned of New Jersey's suspension of respondent from the practice of law, it moved for reciprocal discipline. By order entered July 26, 2022, this Court suspended respondent for 1 ½ years, effective August 26, 2022, and until further order of the Court (208 AD3d 83 [1st Dept 2022]). By order dated November 22, 2022, this Court denied respondent's motion to vacate the suspension order. She remains suspended in New York.
In or about April 2023, the OAE charged respondent with, among other things, practicing law while suspended. The OAE sent a copy of its ethics complaint, by certified and regular mail, to respondent's home address, which she had confirmed with the OAE on May 25, 2023. The OAE also sent a letter to respondent's home address, by certified and regular mail, notifying her that if she failed to file a timely answer to the complaint, the allegations would be deemed admitted and discipline would be imposed. Respondent failed to file an answer. The Office of Board Counsel (OBC) notified respondent by certified and regular mail to her home address that the matter was scheduled for October 19, 2023, and also published a notice in the New Jersey Law Journal about the October 19, 2023 date and the consequences of failing to answer. Respondent failed to answer and the matter proceeded on her default.
By order entered April 8, 2024, the Supreme Court of New Jersey suspended respondent for two years commencing May 8, 2024 for practicing law while suspended and failing to cooperate with disciplinary authorities (256 NJ 617, 311 A3d 507 [2024]). The court noted that respondent had remained suspended from the practice of law in New Jersey since 2016 (id.). Respondent failed to report the April 2024 suspension to this Court or the AGC.
Based on New Jersey's April 8, 2024 suspension of respondent, the AGC now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction and disbarring respondent, or issuing such discipline as the Court deems just and proper. Although the AGC served its motion on respondent, she has not opposed the motion.
In a proceeding seeking reciprocal discipline, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (22 NYCRR 1240.13[*3]; see also Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]). Here, we find that even if respondent had opposed the AGC's motion, none of the defenses to reciprocal discipline would apply. First, respondent was given notice and had an opportunity to be heard in the New Jersey proceeding. Second, during OAE's investigation, respondent admitted that she had practiced law while suspended. Finally, respondent's misconduct in New Jersey would also constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 5.5(a) and 8.4(d) (see Matter of Gotimer, 219 AD3d 7 [1st Dept 2023]; Matter of Autry, 177 AD3d 44 [1st Dept 2019]).
Generally, this Court gives significant weight to the attorney disciplinary sanction imposed by the jurisdiction in which the charges were originally brought (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]). However, where the sanction imposed in the original jurisdiction substantially deviates from the more severe penalty New York would impose for the same misconduct, it is appropriate to impose the more severe penalty (Matter of Pierre, 154 AD3d 194, 201 [1st Dept 2017], lv denied 31 NY3d 1043 [2018], cert denied 586 US 850 [2018]).
Here, the record demonstrates that respondent has repeatedly engaged in the unauthorized practice of law in New Jersey while deemed ineligible to practice and under disciplinary suspension, she defaulted in three New Jersey disciplinary proceedings brought against her and in the two New York reciprocal discipline proceedings based on the New Jersey suspensions, and she has failed three times to advise this Court or the AGC of her New Jersey discipline in violation of 1240.13(d).
Accordingly, the AGC's motion should be granted and respondent disbarred and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, Laura M. Rys, is granted, and respondent is disbarred and her name stricken from the roll of attorneys in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Laura M. Rys, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Laura M. Rys, shall comply with the rules governing the conduct of disbarred or suspended [*4]attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Laura M. Rys, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 18, 2025